IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:08MC31

| | | |
|---|---|---|
| **BRIAN M. SAWYER, d/b/a,** | ) | |
| **dB Technology Solutions** | ) | |
| **f/k/a Database by Design** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **TOWN OF MONTREAT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's motion to compel the United States Postal Service to produce, for use in a state court lawsuit, records relating to the rental of a postal box at the Montreat, North Carolina Post Office. *See* **Miscellaneous Motion to Compel, filed July 17, 2008.** The United States Postal Service has responded, contending it is not a party to the state court lawsuit and objects to the motion's language that it be "compelled" to produce such information. *See* **Response of United States Postal Service, filed August 4, 2008, at 2-3.** The United States Postal Service further states in its response that it is willing to consent to the entry of an order that would "authorize" it to produce information in a format that meets the evidentiary needs of the requesting party without placing an undue burden on the Montreat Post Office. *Id*. **at 3-4.**

As stated by Defendant's motion, there is currently pending a lawsuit in the Superior Court for Buncombe County, North Carolina, styled as *Brian M. Sawyer v. Town of Montreat, NC*, 06-CVS-4891. The United States Postal Service is not a party to that action. On or about February 26, 2008, counsel for the Town of Montreat had a state court subpoena issued to the U.S. Post Office, c/o Ms. Kathy (sic) Curtis, Postmaster, Montreat, NC, 28757, which requested that it produce "[a]ll records and documents relating to the assignment of P.O. Box 104 to Brian M. Sawyer . . . ." **Exhibit B,** *attached to* **Defendant's Motion to Compel.**

The United States Postal Service is generally prohibited by law and regulations from releasing, or being required to release, postal records regarding customer accounts and mail box rental records. The Privacy Act, 5 U.S.C. § 552a, requires that information kept about individuals shall be exempt from release unless there is a written consent by the individual to whom the records pertain. **5 U.S.C. §552a(b)**. In this case, the postal patron (Mr. Sawyer) has submitted a written consent for the release of the information pertaining to him. **Exhibit E,** *attached to* **Defendant's Supplement to Miscellaneous Motion to Compel, filed August 4, 2008.** Consequently, release of the requested information is not barred by the Privacy Act.

However, the Postal Reorganization Act, 39 U.S.C. § 410, specifically references the Privacy Act, stating first at 39 U.S.C. § 410(b)(1) that the provisions of the Privacy Act apply to the United States Postal Service, but then further stating at 39 U.S.C. § 410 (c)(1) that "subsection (b)(1) shall not require the disclosure of the name or address, past or present, of any postal patron." The United States Postal Service argues that the plain wording of these two provisions creates a limited waiver of sovereign immunity with the result that the United States Postal Service cannot be *required* to release "the name or address, past or present, of any postal

patron" even with the written consent of the postal customer. **See e.g., *Wickwire Gavin, P.C. v. United States Postal Service*, 356 F.3d 588 (4th Cir. 2004) (upholding right of the Postal Service to refuse to disclose information under a separate subsection of 39 U.S.C. § 410).**

Although not subject to being *compelled* to do so, the United States Postal Service submits that to resolve this matter it will release information as consented to by Mr. Sawyer in the form affidavit attached as Exhibit A to its response if authorized by this Court to do so.

Accordingly, in light of the written consent provided by Brian M. Sawyer, which this Court finds complies with the consent provisions of the Privacy Act, 5 U.S.C. § 552a(b), and the consent of the United States Postal Service to an order that would "authorize" release of certain limited information covered by Mr. Sawyer's written consent,

**IT IS, THEREFORE, ORDERED** that, based on the compromised settlement of this motion, the United States Postal Service is authorized to release to counsel for the parties in the related state court case, *Brian M. Sawyer v. Town of Montreat, NC*, 06-CVS-4891, Superior Court for Buncombe County, North Carolina, private information of Brian M. Sawyer covered by his written consent and to do so by providing an affidavit in the form set forth in Exhibit A attached to the Postal Service's response to the present motion with the affiant providing the information required in the blank spaces shown thereon.

**IT IS FURTHER ORDERED** that, given the parties' compromised settlement of the motion to compel, such motion is hereby **DENIED** as moot.

4

Signed: August 5, 2008

*[signature]*

Lacy H. Thornburg
United States District Judge